IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PEGASUS LABORATORIES, INC., | ) |
| Plaintiff, | ) Case No. 13-0630 |
| vs. | ) |
| WEDGEWOOD VILLAGE PHARMACY, INC., | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Pegasus Laboratories, Inc., by its undersigned attorneys Lathrop & Gage LLP, for its Complaint against Defendant Wedgewood Village Pharmacy, Inc., alleges as follows:

## THE PARTIES

1. Plaintiff, Pegasus Laboratories, Inc. ("Pegasus" or "Plaintiff"), is a corporation organized and existing under the laws of the State of Missouri, with its principal office located at 8809 Ely St., Pensacola, Florida 32514. Pegasus is a developer, manufacturer and marketer of animal health products under the PRN Pharmacal brand name.

2. Pegasus is informed and believes, and on that basis alleges that Defendant Wedgewood Village Pharmacy, Inc., d/b/a Wedgewood Pharmacy ("Wedgewood" or "Defendant"), is a corporation organized and existing under the laws of the State of New Jersey, with its principal office located at 405 Heron Drive #200, Swedesboro NJ 08085.

Wedgewood is a pharmacy that engages in compounding medications, including those sold in the animal pharmaceutical industry.

## JURISDICTION AND VENUE

3. This is an action for patent infringement under the Patent Act, 35 U.S.C. §§ 271, *et seq*.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1338(a), because this action arises under the Patent Act set forth at Title 35 of the U.S. Code.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and/or 1400(b) because a substantial part of the events giving rise to the claims occurred in this District and because Wedgewood is subject to personal jurisdiction in this District.

6. This Court has personal jurisdiction over Wedgewood in this action on the grounds that Wedgewood conducts business in the State of Missouri and has committed acts of patent infringement in the State of Missouri.

## FACTUAL BACKGROUND

### The patents at issue

7. U.S. Patent Number 5,747,476, U.S. Patent Number 6,255,308, and U.S. Patent Number 6,448,252 (collectively, the "Patents in Suit") are directed generally to compositions and methods for treating equines afflicted with equine protozoal myeloencephalitis ("EPM") with therapeutic compositions comprising pyrimethamine and sulfonamide, including sulfadiazine.

8. U.S. Patent Number 5,747,476 ("the '476 Patent") entitled "TREATMENT OF EQUINE PROTOZOAL MYELOENCEPHALITIS" was duly, validly and legally issued by the United States Patent and Trademark Office on May 5, 1998. A true and

correct copy of the '476 Patent is attached hereto as **Exhibit A** and made a part hereof by reference as though fully set forth herein.

9. United States Patent Number 6,255,308 ("the '308 Patent") entitled "TREATMENT OF EQUINE PROTOZOAL MYELOENCEPHALITIS" was duly, validly and legally issued by the United States Patent and Trademark Office on July 3, 2001. A true and correct copy of the '308 Patent is attached hereto as **Exhibit B** and made a part hereof by reference as though fully set forth herein.

10. United States Patent Number 6,448,252 ("the '252 Patent") entitled "TREATMENT OF EQUINE PROTOZOAL MYELOENCEPHALITIS" was duly, validly, and legally issued by the United States Patent and Trademark Office on September 10, 2002. A true and correct copy of the '252 Patent is attached hereto as **Exhibit C** and made a part hereof by reference as though fully set forth herein.

### IDEXX Laboratories, Inc.'s ownership of the Patents in Suit

11. IDEXX Laboratories, Inc. ("IDEXX"), having a principal office at One IDEXX Drive, Westbrook, Maine 04092, has been the sole assignee of each of the Patents in Suit since at least September, 2004.

12. IDEXX owns the right, title and interest to the Patents in Suit.

### IDEXX's grant of Exclusive License to Animal Health Pharmaceuticals

13. IDEXX, by an Exclusive License Agreement dated July 9, 2010, granted to Animal Health Pharmaceuticals, LLC ("AHP") having a principal place of business at 1805 Oak Ridge Circle, Suite 101, P.O. Box 6292, Fairleigh Station, St. Joseph, Missouri 64506, an exclusive nationwide license to make, have made, use, sell, offer to sell, lease, import, export, and develop products covered by the Patents in Suit.

14. IDEXX also granted to AHP per this Exclusive License Agreement the sole right to sublicense the Patents in Suit to alleged infringers.

15. IDEXX further granted to AHP per this Exclusive License Agreement the right to bring actions for patent infringement against third parties who infringe one or more of the Patents in Suit.

### AHP's transfer of rights in the Exclusive License Agreement and ReBalance® Antiprotozoal Oral Suspension Product ("ReBalance® Product") to Pegasus

16. AHP, by an Asset Transfer Agreement dated September 30, 2010, and with IDEXX's consent, validly transferred its right, title, and interest in the Exclusive License Agreement to Pegasus.

17. Pegasus thus has the legal right and authority to bring this action and stop infringement of the Patents in Suit.

18. AHP, by this Asset Transfer Agreement, further transferred to Pegasus its marketing rights in the ReBalance® Product. The ReBalance® Product combines sulfadiazine and pyrimethamine and is used for treatment of horses with EPM caused by sarcocystic neurona. The ReBalance® Product is the subject of the Food and Drug Administration Center for Veterinary Medicine ("FDA-CVM") approved New Animal Drug Application 141-240 ("NADA 141-240"), a Freedom of Information Summary of which is attached hereto as **Exhibit D** and made a part hereof by reference as though fully set forth herein. Pegasus is the current sponsor of NADA 141-240.

### Wedgewood's infringement of the Patents in Suit

19. Wedgewood maintains an internet website, accessible at: http://www.wedgewoodpharmacy.com ("Wedgewood's Website").

20. Wedgewood markets and sells in this District and elsewhere, including via Wedgewood's Website, compounded medication product for treatment of horses with EPM caused by sarcocystic neurona. This compounded medication product for treatment of EPM is compounded from bulk active sulfadiazine and pyrimethamine ingredients. A listing of certain such product as obtained from Wedgewood's Website is attached hereto as **Exhibit E** (the "infringing product").

21. The infringing product infringes at least one claim of each of the Patents in Suit.

### Pegasus' communication with Wedgewood regarding the Patents in Suit and the "missing" license

22. On October 3, 2012, Pegasus sent a letter to Wedgewood apprising it of the Patents in Suit and requesting that Wedgewood cease infringement of the same. A true and correct copy of this letter is attached hereto as **Exhibit F** and incorporated by reference herein.

23. In response, Wedgewood claimed that Wedgewood had previously obtained a valid license to practice the Patents in Suit. Wedgewood agreed in November, 2012, to provide Pegasus with a copy of this license.

24. Despite repeated efforts by counsel for Pegasus to obtain this alleged license from counsel for Wedgewood, Wedgewood has not, to date, provided Pegasus with a copy of this license agreement. Upon information and belief, a license allowing Wedgewood to practice the Patents in Suit does not exist.

25. Wedgewood continues to compound, market, and sell its infringing product for treatment of EPM in the state of Missouri, and upon information and belief, elsewhere.

## FIRST CLAIM FOR RELIEF
## INFRINGEMENT OF THE '476 PATENT

Pegasus incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 26.

26. The '476 Patent is presumed to be valid.

27. Pegasus has complied with any applicable marking requirements of 35 U.S.C. § 287 with respect to the '476 Patent.

28. Wedgewood has infringed and is infringing at least one claim of the '476 Patent in violation of 35 U.S.C. § 271(a) by compounding, manufacturing, marketing, and selling the infringing product. Wedgewood is further infringing at least one claim of the '476 Patent in violation of 35 U.S.C. § 271(b) by inducing infringement with its infringing product.

29. Wedgewood has had actual notice of the Patents in and of Pegasus' rights in the '476 Patent since at least October 3, 2012. Wedgewood's infringement of the '476 Patent has been and continues to be willful and deliberate.

30. Wedgewood's infringement of the '476 Patent has caused great damage to Pegasus. The amount of these damages is not yet known, but Pegasus has lost profits and royalties as a result of the infringement and is entitled to damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty under 35 U.S.C. § 284. Pegasus may also be entitled to recover prejudgment interest, costs, and up to treble damages under 35 U.S.C. § 284. Further, this is an exceptional case under 35 U.S.C. § 285 (e.g., due to the willful nature of Wedgewood's infringement) and Pegasus should be awarded its attorneys' fees.

31. As a result of Wedgewood's infringement of the '476 Patent, Pegasus has suffered and continues to suffer irreparable harm and impairment of the value of its patent rights, and is suffering the violation of its patent rights, all of which will continue unless Wedgewood is permanently enjoined by this Court from infringing the '476 Patent under 35 U.S.C. § 283. Pegasus has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INFRINGEMENT OF THE '308 PATENT

Pegasus incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 32.

32. The '308 Patent is presumed to be valid.

33. Pegasus has complied with any applicable marking requirements of 35 U.S.C. § 287 with respect to the '308 Patent.

34. Wedgewood has infringed and is infringing at least one claim of the '308 Patent in violation of 35 U.S.C. § 271(a) by compounding, manufacturing, marketing, and selling the infringing product. Wedgewood is further infringing at least one claim of the '308 Patent in violation of 35 U.S.C. § 271(b) by inducing infringement with its infringing product.

35. Wedgewood has had actual notice of the Patents in Suit and of Pegasus' rights in the '308 Patent since at least October 3, 2012. Wedgewood's infringement of the '308 Patent has been and continues to be willful and deliberate.

36. Wedgewood's infringement of the '308 Patent has caused great damage to Pegasus. The amount of these damages is not yet known, but Pegasus has lost profits and royalties as a result of the infringement and is entitled to damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable

royalty under 35 U.S.C. § 284. Pegasus may also be entitled to recover prejudgment interest, costs, and up to treble damages under 35 U.S.C. § 284. Further, this is an exceptional case under 35 U.S.C. § 285 (e.g., due to the willful nature of Wedgewood's infringement) and Pegasus should be awarded its attorneys' fees.

37. As a result of Wedgewood's infringement of the '308 Patent, Pegasus has suffered and continues to suffer irreparable harm and impairment of the value of its patent rights, and is suffering the violation of its patent rights, all of which will continue unless Wedgewood is permanently enjoined by this Court from infringing the '308 Patent under 35 U.S.C. § 283. Pegasus has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### INFRINGEMENT OF THE '252 PATENT

Pegasus incorporates by reference as though fully set forth herein the allegations contained in paragraphs 1 through 38.

38. The '252 Patent is presumed to be valid.

39. Pegasus has complied with any applicable marking requirements of 35 U.S.C. § 287 with respect to the '252 Patent.

40. Wedgewood has infringed and is infringing at least one claim of the '252 Patent in violation of 35 U.S.C. § 271(a) by compounding, manufacturing, marketing, and selling the infringing product. Wedgewood is further infringing at least one claim of the '252 Patent in violation of 35 U.S.C. § 271(b) by inducing infringement with its infringing product.

41. Wedgewood has had actual notice of the Patents in Suit and of Pegasus' patent rights in the '252 Patent since at least October 3, 2012. Wedgewood's infringement of the '252 Patent has been and continues to be willful and deliberate.

42. Wedgewood's infringement of the '252 Patent has caused great damage to Pegasus. The amount of these damages is not yet known, but Pegasus has lost profits and royalties as a result of the infringement and is entitled to damages adequate to compensate it for the infringement in an amount that is in no event less than a reasonable royalty under 35 U.S.C. § 284. Pegasus may also be entitled to recover prejudgment interest, costs, and up to treble damages under 35 U.S.C. § 284. Further, this is an exceptional case under 35 U.S.C. § 285 (e.g., due to the willful nature of Wedgewood's infringement) and Pegasus should be awarded its attorneys' fees.

43. As a result of Wedgewood's infringement of the '252 Patent, Pegasus has suffered and continues to suffer irreparable harm and impairment of the value of its patent rights, and is suffering the violation of its patent rights, all of which will continue unless Wedgewood is permanently enjoined by this Court from infringing the '252 Patent under 35 U.S.C. § 283. Pegasus has no adequate remedy at law.

WHEREFORE, Pegasus requests that this Court enter the following orders and judgments:

(a) Finding that Wedgewood infringes each of the Patents in Suit;

(b) Preliminary and permanent injunctions against Wedgewood and its parents, subsidiaries, divisions, agents, dealers, officers, employees, successors, and assigns, and all others acting in concert or participation with Wedgewood from:

    i. making, using, selling, offering to sell, or importing the inventions claimed in the Patents in Suit; and

      ii. inducing infringement of the Patents in Suit;

(c) Finding infringement of the Patents in Suit to be willful;

(d) Awarding Pegasus such damages, attorneys' fees, costs, prejudgment interest, and enhanced damages for patent infringement as may be shown by the evidence;

(e) Finding this to be an exceptional patent infringement case and awarding Pegasus its reasonable attorneys' fees under 35 U.S.C. § 285; and

(f) Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Pegasus demands a trial by jury on all issues so triable.

Dated: June 24, 2013                    LATHROP & GAGE LLP

                                             By:    /s/ Cameron Garrison
                                                   R. Cameron Garrison (54064)
                                                   2345 Grand Boulevard, Suite 2200
                                                   Kansas City, Missouri 64108-2618
                                                   816.292.2000 (Tel)
                                                   816.292.2001 (Fax)
                                                   cgarrison@lathropgage.com

                                                   Attorneys for Plaintiff
                                                   Pegasus Laboratories, Inc.